◼ TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent-Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRON-

MENTAL PROTECTION, Defendant, and BRIDGE AND TUNNEL OFFICERS BENEVOLENT ASSOCIATION, Appellant-Respondent. [624 NYS2d 36] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about July 7, 1994, which denied the parties' respective motions for summary judgment without prejudice to renewal upon the joinder of the New York State Department of Labor as a party defendant, unanimously affirmed, without costs.

Plaintiff, the cross-appellant herein, does not object to the matter being considered by the Supreme Court and, indeed, deems an adjudication there to be appropriate. The New York State Department of Labor has already been brought into the action, and plaintiff has renewed its motion for summary judgment. Since defendant union has, in its answer, itself characterized the Department of Labor as being a necessary party to this litigation, the IAS Court should now address the parties' respective motions for summary judgment.

Defendant union's contention that this action is precluded by plaintiff's noncompliance with either the four-month statutory period mandated for CPLR article 78 proceedings or the six-year period required for breach of contract claims is without merit. The agreement between the parties did not limit either the time in which plaintiff could seek approval of its ventilation equipment or how often it could attempt to do so. As permitted by the terms of the contract, plaintiff periodically requested that the agency certify the ventilation systems, and the agency, for one reason or another, declined to do so. It was not until May of 1993 that the Department of Environmental Protection (DEP) actually stated that it was without authority to act under the agreement. Plaintiff commenced this action within four months of the pronouncement by the DEP that it lacked jurisdiction to approve the ventilation systems. Under these circumstances, this matter is not precluded by either the statute of limitations, laches, estoppel or waiver. Concur—Wallach, J. P., Rubin, Ross, Asch and Mazzarelli, JJ.